(April 28, 1983)

■ In the Matter of 258 Broadway Realty Corp. et al., Appellants, v Department of Housing Preservation and Development of the City of New York et al., Respondents. — Order and judgment (one paper) of the Supreme Court, New York County (Blyn, J.), entered on April 15, 1982, which denied petitioner's application pursuant to CPLR article 78 seeking to review a determination by respondents regarding real estate tax exemption and tax abatement benefits, is reversed, on the law, without costs or disbursements, and the petition granted to the extent of remanding the matter to respondent Department of Housing Preservation and Development of the City of New York for recalculation in accordance with this memorandum. Petitioners in the instant article 78 proceeding are City Hall Tower Corp., a residential co-operative apartment corporation, and 258 Broadway Realty Corp., the sponsor of the co-operative offering. The building in question, which now contains 44 residential units constructed in "open plan" or "loft" style, was converted from commercial occupancy. The shares and proprietary leases relating to the individual apartments were sold to purchasers under an offering plan dated February 14, 1981. It is undisputed that the building qualifies for tax abatement and tax exemption benefits pursuant to section J51-2.5 of the Administrative Code of the City of New York. Thus, on April 24, 1981, respondent Department of Housing Preservation and Development of the City of New York (HPD) issued a certificate of eligibility and reasonable cost in the sum of $473,700, which was thereafter upwardly revised to $497,000. However, petitioners assert that in accordance with HPD's own rules and regulations, they are entitled to an additional $37,000 of certified reasonable cost. The disagreement between the parties herein concerns the proper method of counting the number of rooms for which petitioners should receive credit in determining the reasonable cost of alterations, specifically gypsum wallboard partitions and associated partition framing. For purposes of this appeal, petitioners do not contest HPD's assessment that the maximum number of rooms for which credit is available is 165.5. What petitioners do challenge is HPD's conclusion that credit should be given for only 94 of these rooms, a finding which is based upon an "equivalent room" formula. In this connection, HPD devised a computation which would enable it to ascertain how many rooms worth of partitioning and framing had actually been installed, apparently measuring the number of lineal feet of partitioning and framing present in each apartment and dividing the total by 55 (HPD's average lineage footing for conventional dwelling rooms). We agree with Special Term's holding that the agency's determination was reasonable and rational. Petitioners further contend that the agency improperly computed the lineage footing of the partitions which were actually laid. They claim that they should have received credit for 6,320 feet instead of the 5,187.5 feet measured by HPD. Respondents concede that they may have made an error in their computations. Consequently, the matter should be remanded to the agency for recalculation. Concur — Murphy, P. J., Sullivan, Silverman, Lynch and Milonas, JJ.